**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Esequiel P.R.,

Petitioner,

v.

Todd Blanche, acting U.S. Attorney General; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; David T. Venturella, Acting Director of Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; Eric Tollefson, Sheriff of Kandiyohi County,

Respondents.

Case No. 26-cv-2941 (KMM/SGE)

**REPORT & RECOMMENDATION**

---

This matter is before the Court on Esequiel P.R.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (Pet., Dkt. 1.) This Petition has been referred to the undersigned for a report and recommendation under 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that Esequiel's Petition be denied.

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies Petitioner only by his first name and last initials.

## BACKGROUND

Esequiel is a citizen of Mexico. (Pet. ¶ 7.) On July 1, 2019, Esequiel was removed from the United States to Mexico under a Notice and Order of Expedited Removal. (Sabin Decl. Ex. C.) In 2020, he again entered the United States unlawfully. (Pet. ¶ 16.) On his reentry, Esequiel worked and resided in Minnesota. (*Id.* ¶ 18.)

On June 11, 2026, Immigration and Customs Enforcement ("ICE") agents interrogated Esequiel during a targeted enforcement operation in Bemidji, Minnesota. (Sabin Decl. ¶ 7.) According to ICE, Esequiel voluntarily stated that he had previously been removed and that he did not seek permission to reapply for entry to the United States. (*Id.;* id. Ex. D.) Based on that admission, ICE immediately issued a Warrant for Arrest of Alien, Form I-200.[2] (*Id.*; *id.* Ex. D.) ICE transferred him to the Kandiyohi County Jail and then to the Sherburne County Jail, where he remains. (*Id.* ¶ 21.)

On June 12, 2026, the Department of Homeland Security ("DHS") reinstated the prior order of removal from 2019. (*Id.* Ex. E.) A warrant for Esequiel's removal was filed the same day. (*Id.* Ex. F.)

On June 12, 2026, Esequiel filed this Petition challenging his arrest and custody as unconstitutional and seeking his immediate release. He argues that he is detained under 8

[2] The Court notes that the record is not entirely clear as to the timeline of Esequiel's arrest vis-à-vis the issuance of the warrant. The Sabin Declaration states when "interviewed" by ICE officers, Esequiel disclosed that he had previously been removed and did not seek permission to reenter the United States, thus prompting the warrant to be issued. (Sabin Decl. ¶ 7.) The record of arrest more murkily states that officers "chased down" Esequiel, apprehended him, and arrested him, calling into question the timing of the warrant's issuance. (*Id.* Ex. A, at 2.)

U.S.C. § 1225(b)(2). He claims that his arrest violated the Fourth Amendment and the *Accardi* doctrine and that his continued detention violates the Due Process clause of the Fifth Amendment and the Administrative Procedures Act. Respondents oppose the Petition, arguing that because Esequiel is under a final order of removal, he is subject to mandatory detention under 8 U.S.C. § 1231(a).

**ANALYSIS**

The threshold issue in this case is whether Esequiel is detained under § 1231(a)(1)(A) based on a final order of removal, as Respondents claim. It is undisputed that if he is, Esequiel has no basis to challenge his current detention.

Under § 1231(a)(1)(A), "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days," but "shall detain the [noncitizen]" during the 90-day removal period." 8 U.S.C. § 1231(a)(2); *see Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (explaining that detention is mandatory during the removal period). The removal period begins on the date the order of removal becomes administratively final.[3] 8 U.S.C. § 1231(a)(1)(B).

Where, as here, a noncitizen has "reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed[.]" 8 U.S.C. § 1231(a)(5). The noncitizen "shall be removed under the prior order at any time after the reentry." *Id.* In other words, Esequiel's order for removal is

[3] Even considering Esequiel's pre-removal detention in 2019, the 90-day removal period has not yet elapsed. (*See* Sabin Decl. ¶¶ 5, 7-8; *id.* Ex. E.)

final and his detention cannot be challenged on the grounds raised in his petition. *See Alier D. v. Secretary of Dep't of Homeland Security*, No. 18-CV-1645 (NEB/HB), 2018 WL 5847244, at *2 (D. Minn. Nov. 8, 2018) ("The shift of the government's authority to detain the petitioner from § 1226 to § 1231 renders moot his claim based on pre-removal detention."); *Lee S. v. Immigr. and Customs Enforcement*, No. 20-CV-1583 (JRT/BRT), 2020 WL 7711344, at *3 (D. Minn. Dec. 29, 2020) ("Petitioner's due process claim ... [is] now moot, as pre-removal due process claims are analyzed distinctly from post-removal claims when ascertaining the reasonability of a noncitizen's detention."). The Court must therefore recommend that the Petition be denied.[4]

---

[4] The Court makes this recommendation despite having questions about the legality of Esequiel's arrest, as noted above. Even if the arrest was unlawful, however, it appears that Esequiel would still be subject to detention under § 1231. *See Flores-Martinez v. Blanche*, No. 2:26-CV-1095, 2026 WL 1162404, at *3 (W.D. Wash. Apr. 29, 2026) ("As Petitioner's detention now flows from that final order [of removal], and is mandatory under Section 1231(a)(2), the Court need not consider whether the arrest that began his detention under Section 1226(a) was unlawful or whether detention under that provision became unreasonably prolonged at any point. The question presented by a habeas petition is whether Petitioner is in custody in violation of the Constitution or laws or treaties of the United States, and the Court has found that he is not."); *Kudratov v. English*, No. 3:26-CV-389, 2026 WL 1074075, at *1 (N.D. Ind. Apr. 20, 2026) ("[Petitioner's] detention is mandated by 8 U.S.C. § 1231(a)(2), and the court may not order his release, regardless of any potential irregularities with his initial arrest.").

## CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition (Dkt. 1) be **DENIED WITHOUT PREJUDICE**.

Dated: August 1, 2026

*s/ Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge

## NOTICE

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).