**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Esequiel P.R.,

Peititioner,

v.

Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*, et. al.,

Respondents.

No. 26-cv-2941 (KMM/SGE)

**ORDER**

---

On June 12, 2026, Petitioner Esequiel P.R. filed a Petition for a Writ of Habeas Corpus, challenging his continued detention in the custody of Immigration and Customs Enforcement (ICE) pending his removal from the United States. Mr. P.R., who is from Mexico, has lived here for several years, has family and friends that he cares about, and was arrested at a job site, where he was working to support his children and mother. (Dkt. 1) He has been in ICE custody since June 11, 2026.

Following briefing from the parties, on August 1, 2026, United States Magistrate Judge Shannon G. Elkins issued a Report and Recommendation (R&R) recommending that Mr. P.R.'s Petition be dismissed without prejudice. (Dkt. 9.) Mr. P.R., through counsel, filed timely objections to Judge Elkins' conclusions and recommendations, and the United States filed a timely response. (Dkt. 10, 11.)

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). District courts "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully reviewed the record, the objections filed by Mr. P.R., the response from the government, and Judge Elkins' conclusions de novo. Mr. P.R. was removed from the United States pursuant to an Order of Removal in 2019. In 2020, he reentered the United States without inspection. Following his reentry, Mr. P.R. is again subject to removal from the United States because his 2019 removal order was reinstated. He is also subject to a valid I-205 Warrant issued the day after his arrest, following the confirmation of the prior removal and the reinstatement of the underlying Order. (Dkt. 7; Dkt. 7-3 (2019 Expedited Removal Order and Verification of Removal); Dkt. 7-5 (Reinstatement of Removal Order); Dkt. 7-6 (I-205 Warrant of Removal June 12, 2026).) The Court accepts Judge Elkins' recommendation that there is no basis for release at this time.[1]

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The R&R (Dkt. 9) is **ACCEPTED** as modified.
2. Petitioner's Objections to the R&R (Dkt. 10) are **OVERRULED**.

---

[1] In the R&R, Judge Elkins noted that there were questions about the lawfulness of Mr. P.R.'s arrest, but "[e]ven if the arrest was unlawful, … it appears that [he] would still be subject to detention under § 1231." (Dkt. 9 at 4 n.4.) The Court does not adopt the R&R to the extent it suggests that when a noncitizen is subject to mandatory detention during the 90-day removal period after a removal order becomes final, *see* 8 U.S.C. § 1231(a)(2), an unlawful arrest can never be the basis of habeas relief. However, the Court denies Mr. P.R.'s petition because, based on the unique circumstances of this case, he has failed to demonstrate that he is in custody in violation of the laws or the Constitution of the United States. 28 U.S.C. § 2241(c)(3).

3. Petitioner Esequiel P.R.'s Petition for a Writ of Habeas Corpus (Dkt. 1) is **DENIED WITHOUT PREJUDICE**.

**Let Judgment be entered accordingly**.

Date: August 24, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge